Ernest Lane, III, Greenville, Miss., for defendants.

**STONE CITY MUSIC, et al., Plaintiffs,**

v.

**THUNDERBIRD, INC., et al., Defendants.**

**No. GC 86–253–B–O.**

United States District Court, N.D. Mississippi, Greenville Division.

April 14, 1987.

### ORDER

J. DAVID ORLANSKY, United States Magistrate.

Presently before the court in the above entitled action is the plaintiffs' Motion for Protective Order precluding defendants from taking the deposition of plaintiff Springsteen, which deposition was noticed by defendants but continued subject to the court's ruling on this motion. Plaintiffs contend that they are all, including Springsteen, members of the American Society of Composers, Authors and Publishers (ASCAP), and that the uniform mem-

bership agreement between ASCAP and each of its members authorizes ASCAP to commence infringement actions in the members' names to remedy and prevent unauthorized public performances of the members' copyrighted musical works. Plaintiffs urge that Springsteen has no personal knowledge of the matters involved in this action and that his deposition would serve only to harass him and put him to undue burden and expense. Further, they state that defendants could obtain all relevant information through discovery by document request or by deposition of a person who had knowledge of the facts in this case. Plaintiffs also attach the affidavit of Emily Kraus in support of their motion. Kraus, an attorney in the office of ASCAP's general counsel, avers that, although ASCAP initially advises its member that a particular song has been infringed and will be the subject of infringement litigation, there is no discussion of the facts surrounding a particular infringement, and she therefore believes that Springsteen had no specific knowledge that this lawsuit would be commenced and is not award of its pendency. Also, Kraus states that plaintiffs have offered for deposition a knowledgeable ASCAP employee as well as the individuals who witnessed defendants' infringing activities. Defendants have not submitted a response to the motion.

Rule 26(c), Federal Rules of Civil Procedure, provides that upon motion and for good cause shown, the court "... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." The court has broad discretion in determining the scope of discovery, *Herbert v. Lando*, 441 U.S. 153, 177, 99 S.Ct. 1635, 1649, 60 L.Ed.2d 115 (1979), and this discretion should be applied so as "to secure the just, speedy and inexpensive determination of every action." Rule 1, Federal Rules of Civil Procedure.

Here, plaintiffs submit that the proposed oral deposition of Springsteen in Greenville, Mississippi would be unduly burdensome and costly and would fail to result in the discovery of relevant information, and that less intrusive and more effective dis-

covery techniques are available which would produce the desired information. Defendants have not opposed the motion and have shown the court no reason why the alternatives suggested by plaintiffs— written interrogatories or the oral depositions of knowledgeable ASCAP employees and individuals who witnessed the alleged infringing activities—would not satisfy defendants' legitimate needs. After careful examination of the motion and the cases cited by plaintiffs, and in the absence of any opposition by defendants, the court is of the opinion that the oral deposition of plaintiff Springsteen would serve no legitimate purpose, but would be unduly burdensome, annoying or harassing to plaintiffs. *See, e.g., Cromwell Music, Inc. v. Burgue*, CA No. 68–218 (MD Fla.), aff'd without opinion, 435 F.2d 169 (5 Cir.1970). It is, therefore

ORDERED:

That plaintiffs' Motion for Protective Order be, and it is hereby, sustained, and the defendants are hereby prohibited from taking the oral deposition of plaintiff Springsteen.